

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**TINA SCOTT**                                                                                             **PLAINTIFF**

VS.                                                                      CIVIL ACTION NO. 3:20 cv 590 DPJ FKB

**PAT SALMON & SONS, INC.; TRISAL LEASING
COMPANY, INC.; CARL WILSON; JOHN DOE
PERSONS A-M; AND JOHN DOE ENTITIES N-Z**                                         **DEFENDANTS**

<u>**COMPLAINT**</u>
<u>**JURY TRIAL DEMANDED**</u>

COMES NOW Plaintiff, Tina Scott, by and through counsel and in support of this their Complaint for damages against the defendants, Pat Salmon & Sons, Inc.; Trisal Leasing Company, Inc.; Carl Wilson; John Doe Persons A-M; and John Doe Entities N-Z, respectfully alleges the following:

**I. PARTIES**

1.      That Plaintiff, Tina Scott, is an adult resident citizen of Hinds County, Mississippi.

2.      That Pat Salmon & Sons, Inc. is an Arkansas Corporation registered to do business in and conducting business in the State of Mississippi. It may be served with process of this Court by serving its registered agent for service of process, National Registered Agents, Inc. at 645 Lakeland East Dr., Suite 101, Flowood, Mississippi 39232.

3.      That Defendant Trisal Leasing Company, Inc. is an Arkansas corporation conducting business in the State of Mississippi. It may be served with process of this Court by serving its President, Wayne Hoovestol, at the corporation's office located at 4600 E. McCain, North Little Rock, Arkansas 72117 as well as by serving any other officer of the corporation.

4. That Defendant Carl Wilson is an adult resident citizen of Arkansas, and may be served with process of this Court at his residence which is located at 102 Lansing Avenue, Parkin, Arkansas, 72373.

5. Defendants, John Doe Persons A-M ("JDP") and John Doe Entities N-Z ("JDE") are individuals and entities presently unknown to Plaintiff at this time and are named in this lawsuit pursuant to Rule 9(h) of the Mississippi Rules of Civil Procedure. All allegations and claims asserted herein against Defendant(s) are incorporated by reference against JDP and JDE. JDP and JDE will be identified by name and joined in this action, by amendment of the Complaint, pursuant to the Mississippi Rules of Civil Procedure, when the information to do so becomes available.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, and because there is complete diversity of citizenship between Tina Scott and Defendants.

7. Venue in this Court is proper pursuant to 28 U.S.C. §1391 in that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District, and Defendants are subject to personal jurisdiction in this district.

## III. STATEMENT OF FACTS

8. On or about February 27, 2019, Plaintiff Tina Scott was a southbound motorist on Interstate 55 in Madison County, Mississippi. On this date, Carl Wilson was operating Trisal Leasing Company, Inc.'s 2017, Volvo tractor-trailer also traveling southbound on Interstate 55 in Madison County, Mississippi. Both vehicles were in the right lane of travel, and Defendant Wilson was travelling behind Plaintiff Scott at a substantial distance. Due to it raining and two (2) other tractor-trailers passing her at a high rate of speed, Plaintiff Scott slowed down out of an

abundance of caution. Abruptly, and without warning, Defendant Wilson failed to yield to the Plaintiff's right of way and negligently slammed into the rear of Plaintiff's vehicle. The force of the impact generated by the loaded tractor-trailer striking the Plaintiff's vehicle from the rear slammed Plaintiff's body backward and then forward catching the seatbelt with great force, causing injuries to Plaintiff's head, neck, shoulder, and back.

9. As a result of the automobile accident, Plaintiff has suffered mentally, emotionally, and physically. In addition to the expenses incurred by Plaintiff, she sustained, and continues to sustain, pain and suffering to various parts of her body as a result of this accident.

## IV. CAUSES OF ACTION

### COUNT ONE (1) – NEGLIGENCE

10. Plaintiff re-alleges and incorporates by reference the preceding paragraphs above, as if set forth in full hereinafter.

11. The above-described collision and resulting injuries of Plaintiff and the resulting loss and damages sustained by Plaintiff were proximately caused or contributed to by the negligence of Defendants.

12. Disregarding his duty as a motorist, Defendant Wilson was guilty of one or more of the following:

    (a)    Failure to use that degree of care and caution in the operation of his vehicle as was required of a reasonable and prudent person under the same or similar circumstances existing at the time of the accident;

    (b)    Failure to properly control his vehicle;

    (c)    Failure to keep a proper look-out and be on the alert;

    (d)    Failure to take evasive action to prevent or avoid the collision;

    (e)    Failure to have his vehicle in proper working order;

    (f)    Failure to operate his vehicle at a speed that was safe and responsible under the circumstances;

    (g)    Failure to yield to traffic;

    (h)    Failure to maintain a safe distance between his vehicle and Plaintiff's vehicle;

    (i)    Operating the vehicle he was driving while using his cellular telephone;

    (j)    Operating the vehicle he was driving at an excessive rate of speed under the circumstances then and there existing;

    (k)    Failure to judge the distance between his vehicle and Plaintiff's vehicle;

    (l)    Failure to apply the brakes of his vehicle, so as to avoid crashing into Plaintiff's vehicle; and

    (m)    Any and all other negligent acts and/or omissions which may be shown during the course of proceedings on this cause.

13. Said negligent acts and/or omissions of Defendant Carl Wilson were proximate and/or contributing causes of the above-described collision on February 27, 2019, the resulting injuries sustained by Plaintiff, and the resulting losses and damages as described hereinafter.

14. At all times relevant to this cause of action, Defendant Carl Wilson was an employee of Trisal Leasing Company, Inc. and/or Pat Salmon & Sons, Inc. acting in the course and scope of his employment. Therefore, his actions and/or omissions in and around the time of the accident in question are attributable to and imputed to his employer, Trisal Leasing Company, Inc. and/or Pat Salmon & Sons, Inc., through the application of the doctrine of *respondeat superior*.

## COUNT TWO (2) – NEGLIGENT ENTRUSTMENT

15. Plaintiff re-alleges and incorporates by reference the preceding paragraphs above, as if set forth in full hereinafter.

16. At all times mentioned, it is believed that Defendant, Trisal Leasing Company, Inc. was the owner of the tractor-trailer combination driven by Defendant Wilson. If said belief is mistaken and the owner of the tractor-trailer combination driven by Defendant Wilson is some person unknown to the Plaintiff at this time, the Plaintiff asserts the allegations in this Count Two against said John Doe Persons A-M and John Doe Entities N-Z to be substituted as party Defendants at a later time.

17. Disregarding its duty as the owner of the tractor-trailer, Defendant Trisal Leasing Company, Inc., John Doe Persons A-M and/or John Doe Entities N-Z, negligently entrusted said vehicle to Defendant Wilson. Defendants Trisal Leasing Company, Inc., John Doe Persons A-M and/or John Doe Entities N-Z knew or should have known that Defendant Wilson was reckless, careless, and/or an incompetent driver. Permitting Defendant Wilson to drive the tractor-trailer under such circumstances constitutes negligent entrustment of said vehicle on the part of Defendants Trisal Leasing Company, Inc., John Doe Persons A-M and/or John Doe Entities N-Z.

18. Defendants Trisal Leasing Company, Inc., John Doe Persons A-M and/or John Doe Entities N-Z, before and at the time of the collision described herein, was guilty of negligent acts and/or omissions which include, but are not necessarily limited to, the following:

(a) Failing to properly train and/or supervise Defendant Wilson;

(b) Failing to ensure that its vehicle was in proper operating condition before dispatching it to be driven on public highways and/or roadways;

(c) Failing to exercise proper control over the use and storage of the tractor-trailer, which it knew or should have known was being used in an unsafe manner or could be used in an unsafe manner;

(d) Negligently entrusting the vehicle to Defendant Wilson; and

(e) Any and all other negligent acts and/or omissions which may be shown during the course of proceedings on this cause.

19. Said negligence by Defendants Trisal Leasing Company, Inc., John Doe Persons A-M and/or John Doe Entities N-Z was a proximate and/or contributing cause of the above-described collision on February 27, 2019, the resulting injuries sustained by Plaintiff, and the resulting losses and damages as described hereinafter.

### COUNT THREE (3) – GROSS NEGLIGENCE, PUNITIVE DAMAGES, ETC.

20. Plaintiff re-alleges and incorporates by reference the preceding paragraphs above, as if set forth in full hereinafter.

21. The aforesaid actions and omissions of Defendants constitute intentional, willful, unlawful, and reckless conduct and a wanton disregard of the rights of the Plaintiff and other members of the public using the highways and/or roadways of this country and/or constitutes such gross negligence and recklessness as to show a total lack of regard as to the rights of the Plaintiff and other members of the public utilizing the highways and/or roadways of this country, which entitles the Plaintiff to recover punitive and exemplary damages against said Defendants.

### V. DAMAGES

22. Plaintiff re-alleges and incorporates by reference the preceding paragraphs above, as if set forth in full hereinafter.

23. As a direct and proximate result of the concurrent negligent acts/omissions of said Defendants, Plaintiff sustained injuries and incurred substantial damages as listed hereinbelow including, but not limited to, the following:

   (a) Past, present, and future doctor, hospital, drug, and medical bills;

   (b) Past, present and future mental anguish and emotional distress;

   (c) Past, present and future physical pain and suffering;

   (d) Inconvenience and discomfort;

(e) Permanent physical impairment;

(f) Disfigurement;

(g) Loss of enjoyment of life;

(h) Lost wages and loss of wage earning capacity;

(i) Punitive damages; and

(j) Any other relief which the Court or jury deems just or appropriate based upon the circumstances.

## VI. RELIEF DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a trial by jury and that Defendants Pat Salmon & Sons, Inc.; Trisal Leasing Company, Inc.; Carl Wilson; John Doe Persons A-M; and John Doe Entities N-Z, be served with process of this Court, to appear and answer same, and that after due proceedings be had, there be a monetary judgment herein in favor of Plaintiff of and from Defendants for:

(a) Actual and compensatory damages;

(b) Punitive and exemplary damages;

(c) Reasonable attorney fees;

(d) Pre-judgment and post-judgment interest and all costs accrued in this action; and

(e) Any other legal or equitable relief the Court deems just and appropriate under the circumstances.

RESPECTFULLY SUBMITTED, this the 31st day of August, 2020.

TINA SCOTT

BY: _____
JAY M. KILPATRICK
ATTORNEY FOR PLAINTIFF

OF COUNSEL:

KOBS & PHILLEY, PLLC
JARED A. KOBS, MSB NO. 101612
BENJAMIN N. PHILLEY, MSB NO. 101556
JAY M. KILPATRICK, MSB NO. 100136
Post Office Box 2230
Madison, Mississippi 39130-2230
216 W. Jackson St.
Ridgeland, Mississippi 39157
Telephone: 601.856-7800
Facsimile: 601.856-7031
E-mail: jkilpat@kobsphilley.com